IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01231-BNB

JERRY L. MASKE,

    Plaintiff,

v.

ARAPAHOE COUNTY OFFICE OF CLERK AND RECORDER,

    Defendant.

---

ORDER OF DISMISSAL

---

Plaintiff Jerry L. Maske initiated this action by submitting to the Court a *pro se* Complaint, on May 19, 2009. Magistrate Judge Boyd N. Boland reviewed the Complaint and, on June 4, 2009, entered an order instructing Mr. Maske to amend the Complaint in keeping with Fed. R. Civ. P. 8. On June 8, 2009, Mr. Maske filed an Amended Complaint. The Court has reviewed the Amended Complaint and has determined that the Complaint and action should be dismissed.

The Court must construe the Amended Complaint liberally because Mr. Maske is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the Amended Complaint is held to standards less stringent than those governing a formal pleading drafted by an attorney. *See id.* However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110.

Magistrate Judge Boland, in the June 4, 2009, Order, explained to Mr. Maske that the twin purposes of a complaint are (1) to give the opposing parties fair notice of

the basis for the claims against them so that they may respond and (2) to allow the Court to conclude that the allegations, if proven, show that the Mr. Maske is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Rule 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Magistrate Judge Boland also informed Mr. Maske that Rule 8(a) requires that a complaint "contain: (1) a short and plain statement of the grounds for the court's jurisdiction, . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief sought, . . . ."

Mr. Maske, in the Amended Complaint, still has not set forth a short and plain statement of the grounds on which the Court's jurisdiction depends. On Page Two of the Complaint form under the section titled, "Jurisdiction," Mr. Maske simply states, "personal property–fraud." Mr. Maske fails to assert proper jurisdiction for this Court to consider the claims that he asserts. Accordingly, it is

ORDERED that the Complaint, the Amended Complaint, and the action are dismissed without prejudice for failure to comply with Fed. R. civ. P. 8.

DATED at Denver, Colorado, this 15 day of July, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01231-BNB

Jerry Maske
2705 Danube Way, Unit 101
Aurora, CO 80013

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 7/16/09

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk